Chiamulera v New Windsor Mall (2023 NY Slip Op 00300)

Chiamulera v New Windsor Mall

2023 NY Slip Op 00300

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-10511
 (Index No. 9297/14)

[*1]Dennis Chiamulera, respondent, 
v
New Windsor Mall, appellant, et al., defendants.

Burke, Scolamiero & Hurd, LLP, Albany, NY (Steven V. DeBraccio of counsel), for appellant.
Patrick S. Owen, PLLC, Middletown, NY, for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendant New Windsor Mall appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated June 17, 2019. The order, insofar as appealed from, denied that branch of the motion of the defendant New Windsor Mall, made jointly with Frederick J. Kass, which was for summary judgment dismissing the complaint insofar as asserted against the defendant New Windsor Mall.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant New Windsor Mall, made jointly with Frederick J. Kass, which was for summary judgment dismissing the complaint insofar as asserted against the defendant New Windsor Mall is granted, and upon searching the record, summary judgment is awarded to the defendant Howard Alan Kave, as representative of the estate of Frederick J. Kass, dismissing the complaint insofar as asserted against that defendant.
On February 1, 2013, the plaintiff allegedly was injured when he tripped and fell on "plastic strapping" on the sidewalk in front of a deli located in a strip mall owned by New Windsor Mall (hereinafter the Mall) and Frederick J. Kass. The plaintiff, who worked at the deli, testified at his deposition that he did not see any strapping or other debris in front of the deli at any time prior to his fall. The plaintiff believed the strapping came from boxes containing materials for construction work, which allegedly was being performed on the roadway in front of the Mall by, among others, the defendants Whispering Pines Development Corp. and Whispering Pines, LLC.
The plaintiff commenced two separate personal injury actions against, among others, the Mall and Kass, which were later consolidated. Thereafter, the Mall moved jointly with Kass, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, as relevant to this appeal, the Supreme Court denied the motion. The Mall appeals.
During the pendency of this action, Kass died, and Howard Alan Kave, as representative of Kass's estate, was substituted for Kass.
"[A] defendant moving for summary judgment in a trip-and-fall case has the burden [*2]of establishing that it did not create the hazardous condition that allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (Ash v City of New York, 109 AD3d 854, 855; see Madden v 3240 Henry Hudson Parkway, LLC, 192 AD3d 1095). Here, the evidence submitted by the Mall and Kass in support of their motion, including the transcript of the deposition testimony of Kass regarding his inspections of the area in question and the transcript of the deposition testimony of the plaintiff, established, prima facie, that the Mall and Kass neither created nor had actual or constructive notice of the alleged dangerous condition of the strapping (see Rosa v Food Dynasty, 307 AD2d 1031, 1031; Kraemer v K-Mart Corp., 226 AD2d 590, 591; Rotunno v Pathmark, 220 AD2d 570, 571). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted that branch of the Mall's motion, made jointly with Kass, which was for summary judgment dismissing the complaint insofar as asserted against the Mall.
Although Kass did not properly appeal from the order, this Court has the authority to search the record and grant summary judgment to a nonappealing party with respect to an issue that was the subject of a motion before the Supreme Court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Merritt Hill Vineyards Inc. v Windy Hgts. Vineyard, 61 NY2d 106, 110-111; Theo v Vasquez, 136 AD3d 795, 796). Upon searching the record, we award Howard Alan Kave, as representative of Kass's estate, summary judgment dismissing the complaint insofar as asserted against him based upon the same rationale which supports the award of summary judgment in favor of the Mall (see Rodriguez v Kimco Centereach 605, 298 AD2d 571, 572).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court